UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

VIRGINIA CICLE,                          )
                                         )
         Plaintiff,                      )
                                         )
vs.                                      )    Case No.: 07:4103-CV-C-NKL
                                         )
CHASE BANK USA, N.A.,                    )
                                         )
         Defendant.                      )

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND TO STAY LITIGATION

COMES NOW Defendant Chase Bank USA, N.A. ("Chase") and respectfully requests

that this Court enter an order compelling arbitration of Plaintiff's individual claims and staying

this action pending conclusion of the arbitration. In support of this motion, Chase states:

1.      Plaintiff Virginia Cicle ("Plaintiff") filed a two-count lawsuit against Chase

alleging it should be held liable on a class-wide basis for imposing allegedly illegal penalties and

for alleged violations of the Missouri Merchandising Practices Act, MO. REV. STAT. §§ 407.010

*et seq.* Plaintiff claims that she has a credit card account with Chase and that "Chase wrongfully

imposed illegal . . . [interest] rate increases and finance charges on thousands of customers'

accounts" (Compl., ¶ 9), and that Chase retroactively imposed rate increases and finance charges

at the end of each billing cycle. (Compl., ¶4). Chase removed this action from state court based

upon federal question jurisdiction and diversity jurisdiction.

2.      Plaintiff's claims arise out of a credit card cardmember agreement entered into

between Plaintiff and Chase that establishes the terms of the credit card account. This

agreement, as well as all of the agreements associated with members of the putative class,

contain broad, mandatory arbitration provisions applicable to any claims that arise out of or

3578867

relate in any way to the cardmember agreements. By accepting these terms, Plaintiff waived her right to bring suit in state or federal court, and also waived her right to bring suit on behalf of a putative class.

3.     Pursuant to this motion and the memorandum of law and affidavit filed herewith, the Court should compel arbitration of Plaintiff's individual claims and stay this litigation pending resolution of the arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

4.     Because of the possibility that the filing of a motion to dismiss may operate as a waiver of the right to arbitration, *Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 651 (7th Cir. 2000), courts traditionally have accepted motions to compel arbitration in lieu of an answer or motion to dismiss. *See Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L.*, 922 F. Supp. 1534, 1537 n.1 (S.D. Fla. 1996) ("While a motion to compel arbitration is not included in the ambit of Rule 12(b) motions that suffice as responsive pleadings in lieu of answers, courts traditionally have entertained certain types of pre-answer motions — such as a motion to compel arbitration and stay proceedings — not specifically provided for in the Federal Rules of Civil Procedures [sic].") (*citing Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985)); *see also Dexter v. Prudential Ins. Co. of Am.*, 215 F.3d 1336, 2000 WL 728821, at *1 (10th Cir. 2000) ("Defendants filed their first responsive pleading, a Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration"); *Gratzer v. Yellow Corp.* 316 F.Supp.2d 1099, 1105 (D. Kan. 2004) ("Defendant filed its motion to compel arbitration and either dismiss or stay this case on September 29, 2003, as its first responsive pleading to plaintiff's complaint").

5.     In accord with this tradition, Chase respectfully requests that this Court consider its motion to compel arbitration and to stay litigation as a responsive pleading pursuant to Rule 12(b), FED. R. CIV. P., and temporarily stay Chase's obligation to file an answer and defenses to

the complaint. If the Court compels arbitration, then the parties would proceed in that forum, thereby mooting the need to file an answer in this action. If, on the other hand, the Court denies the motion to compel, Chase requests that it be granted ten (10) days following such denial to file an answer and defenses to the complaint, as provided in Rule 12(a)(4)(A), FED. R. CIV. P.

WHEREFORE, Defendant Chase Bank USA, N.A., respectfully requests that this Court compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, and stay this litigation pursuant to 9 U.S.C. § 3, and grant any such further relief the Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Christopher M. Hohn
     Christopher M. Hohn
     One US Bank Plaza, Suite 2600
     St. Louis, Missouri 63101
     314-552-6000
     FAX 314-552-7000

Attorneys for Defendant
Chase Bank USA, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 20th day of June, 2007, to the following:

Matthew A. Clement
Timothy Van Ronzelen
Cook, Vetter, Doerhoff & Landwehr PC
231 Madison St.
Jefferson City, MO 65101

/s/Christopher M. Hohn