UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA CICLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 07:4103-CV-C-NKL |
| ) | |
| CHASE BANK USA, N.A., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION
TO PLAINTIFF'S REQUEST TO CONDUCT DISCOVERY
PENDING APPEAL OF THE COURT'S ARBITRATION ORDER**

Defendant Chase Bank USA, N.A. ("Chase") files these suggestions in opposition to Plaintiff's request to conduct discovery pending Chase's appeal of this Court's Order relating to the arbitrability of Plaintiff's claims.

## I. INTRODUCTION & BACKGROUND

Plaintiff filed this putative class action against Chase for allegedly imposing illegal penalties on its credit card customers' accounts and for alleged violations of the Missouri Merchandising Practices Act. Pursuant to the terms of the Cardmember Agreement with Plaintiff, Chase moved to stay the litigation and compel arbitration. The Court conditionally granted the motion to compel arbitration, if Chase agreed to pay all hearing costs and arbitrator fees. Chase did not agree to this condition, and the Court subsequently denied Chase's motion to compel arbitration. Chase appealed the Court's order pursuant to § 16 of the Federal Arbitration Act. 9 U.S.C. §§ 1 *et seq.* ("FAA"). The appeal is scheduled to be fully briefed by the end of May, 2008.

Plaintiff now seeks to proceed with discovery during the pendency of Chase's appeal. Plaintiff acknowledges that the appeal filed by Chase will necessarily address the issue of whether or not this case can proceed as a putative class action in this forum; therefore, Plaintiff

4716654.7

states that she only seeks discovery concerning the merits of her individual claims for relief. (Doc. No. 33, p. 2). As a practical matter, Plaintiff already had an opportunity to pursue such discovery when this Court entered an unconditional order allowing discovery for 60 days while the parties briefed Chase's motion to compel arbitration (Doc. No. 13, p. 1). As a result of this Order, Chase responded to extensive written discovery from Plaintiff and produced 185 pages of records to Plaintiff, including all of Plaintiff's billing statements, internal Chase account records relating to Plaintiff's account, and applicable cardmember agreements and amendments.

Plaintiff has not claimed (and cannot claim) that she has somehow been prejudiced or will be prejudiced if this case is stayed for a short period of time while the appeal is pending. In fact, it would be disingenuous for her to do so, since Plaintiff waited three years after the allegedly wrongful conduct before filing this action. *See* Doc. Nos. 1-2, ¶ 11(c) (where Plaintiff claims that her interest rate was increased during the period from March through May, 2004).

Aside from these practical reasons, the majority of Circuits hold that the District Court loses jurisdiction once a notice of appeal has been filed pursuant to § 16 of the FAA. Courts recognize that it would be inconsistent with the fundamental policies and purposes of the FAA for litigation to proceed while the issue of arbitrability is on appeal. For these and the other reasons stated in this brief, the Court should deny Plaintiff's request to conduct additional discovery and should recognize that jurisdiction is presently vested exclusively in the Eighth Circuit Court of Appeals.

## II.  ARGUMENT

### A.  Exclusive Jurisdiction Rests with the Court of Appeals

Plaintiff argues that discovery should proceed because the District Court possesses jurisdiction while Chase's appeal is pending. The Courts of Appeals for the First, Third, Seventh, Tenth, and Eleventh Circuits, as well as District Court judges within this Circuit, disagree and hold that an appeal of a motion to compel arbitration completely divests the District Court of its jurisdiction to order discovery or allow other proceedings. Only two Circuits hold otherwise.

The filing of a notice of appeal confers jurisdiction in the court of appeals and divests the district court of its control over aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The district court, however, retains jurisdiction to adjudicate matters that are collateral or tangential to the appeal. *Harmon v. United States Through Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996).

The majority of Circuits hold that a notice of appeal under § 16 of the FAA divests the District Court of jurisdiction. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613-614 (1st Cir. 1959); *see also Express Scripts, Inc. v. Aegon Direct Marketing Services, Inc.*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, *3 (E.D. Mo. April 3, 2007); *Combined Energies v. CCI, Inc.*, 495 F.Supp.2d 142, 143 (D. Me. 2007); *Baron v. Best Buy Co., Inc.*, 79 F.Supp.2d 1350, 1354 (S.D. Fla. 1999).

The two Circuits in the minority hold that the District Court retains jurisdiction and may order discovery pending an appeal of arbitrability. *Britton v. Co-Op Banking Group*, 916

F.2d 1405, 1412 (9th Cir. 1990); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004). These Circuits articulate two primary reasons for their approach: first, they conclude that an appeal concerning arbitrability does not affect the proceedings in the District Court to resolve the merits; second, they express concern that a categorical divestiture rule would allow litigants to disrupt or delay District Court proceedings simply by filing frivolous appeals. *Britton*, 916 F.2d at 1412; *see also Motorola Credit Corp.*, 388 F.3d at 54.

While this issue has not been squarely addressed by the Eighth Circuit, the Eastern District of Missouri has followed the majority view, holding that an appeal under § 16 of the FAA divests the District Court of jurisdiction. *Express Scripts, Inc. v. Aegon Direct Marketing Services, Inc.*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, *3 (E.D. Mo. April 3, 2007) (affirming the Plaintiff's motion to stay discovery pending the appeal of arbitrability and concluding that "a stay of the proceedings is in the interests of justice and judicial economy in order to prevent waste of resources, avoid inconsistent rulings, and reduce uncertainty. At this point, allowing discovery to proceed before the Eighth Circuit has ruled on [Defendant's] pending appeal could be a fruitless effort and a complete waste of this Court's and the parties' time and resources").

Plaintiff suggests the minority view is the "better reasoned opinion" and sets forth the argument discussed in *Britton*, that "the merits of this case are not involved in the issues which surround the appeal." (Pl. Br., pp. 2 & 4). Plaintiff's concerns, and the entire rationale of the minority view, were rejected as articulated in *Bradford-Scott*:

> [w]hether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under §16(a)(1)(A)…it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.

*Bradford-Scott*, 128 F.3d at 505; *see also Express Scripts*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, at *2.

Plaintiff makes no attempt to argue the second rationale used to justify jurisdiction in the District Court (*i.e.,* labeling Chase's appeal frivolous); nor could she. However, had Plaintiff relied on this argument, it is also adequately addressed by the majority view. *See Bradford-Scott*, 128 F.3d at 506 (the potential for abuse of the appellate process by filing frivolous appeals "is a serious concern, but one met by the response that the appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily").

Plaintiff also argues "an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to matters that are the subject of the appeal." (Pl. Br. p. 4) (citing *Manual for Complex Litigation*, Second Ed., §§ 25.11 & 25.16). The Tenth Circuit explained why this principle was inapplicable to appeals of arbitration orders: "divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one [because] interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Stewart v. Donges*, 915 F.2d 572, 575-576 (10th Cir. 1990).

A complete stay of the proceedings is consistent with the underlying goals and policies of the FAA:

> By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums….Thus, the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings.

*Blinco,* 366 F.3d at 1251-1252; *see also Bradford-Scott*, 128 F.3d at 506 ("Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially").

Allowing discovery to move forward in this case is inconsistent with the Congressional intent behind the FAA, is inconsistent with the parties' agreement to arbitrate claims arising under the Cardmember Agreement, and seriously risks wasting the resources of both the Court and the parties. *Intertec Contracting v. Turner Steiner International, S.A.,* NO. 98 Civ. 9116(CSH), 2001 WL 812224 (July 18, 2001) is a prime example of how the parties' resources can be wasted in the discovery process while an appeal of the arbitrability issue is pending. In that case, the court retained jurisdiction to allow "a mutual exchange of documents" pending an appeal of arbitrability. *Id.* at *7. The court's hopes that this limited discovery would require little judicial attention "were dashed by the subsequent deluge of papers seamlessly faxed to Chambers through the fall and winter of 2000, while conflicts surrounding production of…documents metastasized." *Id.* at *8.

The Court should follow the majority and recognize that jurisdiction is currently vested exclusively in the Court of Appeals. To find otherwise would undermine the policies and purposes of the FAA.

        **B.**     **<u>Plaintiff's Efficiency Justification is Illusory</u>**

Aside from the jurisdictional issue, Plaintiff suggests that allowing discovery would "further expedite this case" because discovery would be permitted in federal court or arbitration or if Plaintiff were to bring her action in small claims court. (Pl. Mem., p. 4). However, Plaintiff's claims of efficiency and expedition are belied by the fact that she has already pursued discovery on her individual claims, as discussed above. Furthermore, ordering commencement of federal court discovery when this case may ultimately proceed in an alternate venue (with different rules and procedures governing the scope and types of discovery) risks wasting both judicial resources and those of the parties.

Plaintiff argues that allowing discovery will not be duplicative or wasteful because it is permitted in both small claims court and in arbitration: "In simple terms, under any scenario

4716654.7 - 6 -

Case 2:07-cv-04103-NKL    Document 38    Filed 04/16/08    Page 6 of 11

the discovery on the merits of this case will advance this matter regardless of the forum in which it is ultimately placed." (Pl. Br. p. 4). Plaintiff's blithe statement ignores the differences in the discovery process between the possible forums (federal court, smalls claims court, and arbitration in the National Arbitration Forum ("NAF") or the American Arbitration Association ("AAA")).[1] Plaintiff's proposed scheduling order outlines a year-long discovery plan. (Doc. No. 33, p. 1) ("Deadline to Complete Merits Discovery" is January 30, 2009). The scope and length of this proposed discovery process is inconsistent with the AAA rules, which mandate "the production of documents and other information" be "consistent with the ***expedited*** nature of arbitration." AAA Commercial Arbitration Rules and Mediation, R-21 (emphasis added).[2]

Complicating matters further, the nature and extent of discovery in arbitration will vary depending upon which arbitration service is selected – AAA or NAF – and which arbitrator is ultimately empanelled. For example, for disputes with less than $500,000 at issue, AAA rules do not generally permit depositions,[3] while NAF rules generally permit depositions if they will be "informative" to the arbitrator. NAF Rule 29. Since Plaintiff has already received written discovery, she will presumably want to proceed with depositions, but this discovery method may or may not be available depending upon the arbitration forum selected and depending upon the discretion of the individual arbitrator selected (if Chase's motion to compel arbitration is ultimately granted without condition).

---

[1] Plaintiff's references to smalls claims court discovery are irrelevant because Plaintiff elected not to proceed with an individual claim in small claims court. Either this action will proceed in this forum or will proceed in an arbitral forum, pursuant to Chase's motion to compel arbitration.

[2] Discovery under the NAF's rules is similarly expedited. *See* NAF Rule 29, "Discovery" (Party responding to discovery requests has five days to respond to a notice of deposition and 20 days to respond to document requests or written discovery).

[3] Compare AAA Commercial Arbitration Rules and Mediation, R-21, with the rules governing "Large, Complex Cases," Rules L-3, and L-4.

For these very reasons, other courts have rejected Plaintiff's arguments regarding proceeding with discovery. *See Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613-14 (1st Cir. 1959) ("Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof."). In *Intergen N.V. v. Grina*, No. Civ.A. 01-11774-REK, 2003 WL 1562200 (D. Mass. Feb. 21, 2003), the court stated that "limited discovery in district court might be appropriate…[if it was] ***indisputably*** required in both district court and arbitral proceedings." *Id.* at *3 (emphasis added). The court ultimately denied plaintiff the right to pursue document requests because the scope of discovery in arbitration was within the discretion of the arbitral tribunal and thus could not be determined by the court. *Id.* at *4. *See also Express Scripts*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, at *2 (rejecting Defendant's suggestion that discovery could be conducted consistently with AAA rules).

Just as in *Intergen* and *Express Scripts*, the general scope of what is discoverable in arbitration and what discovery methods are appropriate are determined "at the discretion of the arbitrator." AAA Commercial Arbitration Rules and Mediation, R-21.[4] It would be impracticable for the Court to order limited discovery, since the Court cannot guarantee what the scope of discovery will be and whether Plaintiff will seek only that which is *indisputably* required to be produced in the other possible forums. The Court obviously cannot determine what an unknown AAA or NAF arbitrator might allow. Even if this were possible, to ensure consistency, the Court would have to be intimately involved in every step of the discovery process, and this again risks a waste of resources pending the Eighth Circuit's ruling.

---

[4] NAF Rule 29 requires document requests and written discovery of "not more than twenty-five (25) Written questions" be "informative to the Arbitrator," suggesting a similar element of discretion. *See* NAF Rule 29.

Enforcing a stay of these proceedings eliminates these risks without prejudicing or injuring either party. Nowhere does Plaintiff claim (much less establish) that a stay of these proceedings will somehow harm or prejudice her in any way. As a practical matter, Plaintiff has already obtained the discovery that she would likely claim is *indisputably* required to be produced regardless of the ultimate forum. The parties will have fully briefed the appeal in the Eighth Circuit by the end of May, 2008, and any delay in these proceedings will be relatively short. Plaintiff has articulated no sound reason to allow discovery to proceed pending the appeal.

> **C.** **Chase's Upcoming Dispositive Motion on Grounds of National Bank Act Preemption further Warrants a Stay of this Case**

Regardless of which forum will ultimately handle this dispute, Chase will promptly move for judgment on the pleadings, based upon significant, recent rulings further demonstrating that Plaintiff's claims in this case are preempted by the National Bank Act and its implementing regulations.

The Ninth Circuit Court of Appeals just affirmed a district court's dismissal of the identical claims on grounds of National Bank Act preemption. In *Evans v. Chase Manhattan Bank USA, N.A.*, No. C-05-3968 SC, 2006 WL 213740 (N.D. Cal. Jan. 27, 2006), *aff'd*, No. 06-15212, 2008 WL 467801 (9th Cir. Feb. 22, 2008), the plaintiff filed a putative class action asserting that increased, default rates of interest were unlawful penalties and were violative of California's consumer protection statute. *Id.* at *1. The plaintiff in that case specifically alleged that Chase "increased cardmembers' interest rates because of 'a single late payment to Chase, or…a reported late payment to some other creditor.' " *Id.* (internal citations omitted). The plaintiff also referenced an alleged "backdating the rate increase to the beginning of the billing cycle." *Id.* The excerpts from the *Evans* complaint are almost identical to Plaintiff's Complaint in this case. The district court in *Evans* granted the defendant's motion to dismiss,

and the Ninth Circuit affirmed the decision. *See Id.*, *aff'd*, No. 06-15212, 2008 WL 467801 (9th Cir. Feb. 22, 2008). This holding does not stand alone. *See also Augustine v. FIA Card Servs, N.A.*, 485 F. Supp.2d 1172, 1176 (E.D. Cal. 2007) (dismissing, for failure to state a claim, a plaintiff-cardholder's putative class action against credit card issuing defendant that alleged retroactive increases in interests rates was violative of state law); *Penner v. Chase*, No. C-06-5092 FDB, 2006 U.S. Dist. LEXIS 53179, at *8 (W.D. Wash. Aug. 1, 2006) (citing same); *McCoy v. Chase Manhattan Bank USA, N.A.*, SACV 06-107 JVS (RNBx) 2006 U.S. Dist. LEXIS 97257, at *6-*9 (C.D. Cal. Aug. 10, 2007) (same); *Williams v. Wash. Mut. Bank*, Civ. 07-2418 WBS GGH, 2008 U.S. Dist. LEXIS 5325, at *4-*7 (E.D. Cal. Jan 11, 2008) (same). *See also Watters v. Wachovia Bank, N.A.*, __ U.S. __, 127 S. Ct. 1559, 1566-67 (2007) (Preemption shields national banks not just from contrary state laws, but from "unduly burdensome and duplicative state regulation").

In light of the authority undermining Plaintiff's claims and her arguments in support of the jurisdiction of this Court, it is clear that the risk of moving forward with discovery far outweighs any minor inconvenience that may be caused from staying the proceedings for a short period of time. Consequently, even if this Court determines that it retains jurisdiction to order discovery, doing so pending the Eighth Circuit decision is inappropriate for the reasons discussed above.

### III.  CONCLUSION

For the foregoing reasons, Chase respectfully requests this Court recognize that exclusive jurisdiction currently rests with the Eighth Circuit and stay these proceedings pending the Eighth Circuit's decision in Chase's appeal.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Christopher M. Hohn
    Christopher M. Hohn
    One US Bank Plaza, Suite 2600
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000

Attorneys for Defendant
Chase Bank USA, N.A.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 16th day of April, 2008, to the following:

Matthew A. Clement
Timothy Van Ronzelen
Cook, Vetter, Doerhoff & Landwehr PC
231 Madison St.
Jefferson City, MO 65101

    /s/Christopher M. Hohn